Eastern District of Kentucky
FILED

JUN 04 2026

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

**CRIMINAL ACTION NO. 5:25-CR-00122-GFVT-MAS**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**V.**                       **BINDING PLEA AGREEMENT**


**BRIAN CONNER,**
    **aka PLUG,**
    **aka JUG**                                              **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute 40 grams or more of a mixture or substance containing fentanyl. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 through 8. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of Count 1 are:

    (a)    that two or more persons formed, reached, or entered into an agreement or understanding to possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance under federal law,

    (b)    that at some time during the existence or life of the agreement or understanding, the defendant knew the purpose of the agreement and deliberately joined the agreement or understanding.

(c)    the amount attributable to the defendant is 40 grams or more of fentanyl.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning on an unknown date and continuing through on or about May 21, 2024, in Fayette County, in the Eastern District of Kentucky, the Defendant agreed with others to possess and distribute 40 grams or more of a controlled substance containing fentanyl.

(b) On March 27, 2024, law enforcement utilizing a confidential informant arranged, via recorded phone calls, the purchase of 18.649 grams of fentanyl from the Defendant in Lexington, Kentucky.

(c) On April 9, 2024, law enforcement utilizing a confidential informant arranged, via recorded phone calls, the purchase of 17.414 grams of fentanyl from the Defendant in Lexington, Kentucky.

(d) On April 15, 2024, law enforcement utilizing a confidential informant arranged, via recorded phone calls, the purchase of 18.102 grams of a fentanyl/flurofentanyl mixture from the Defendant in Lexington, Kentucky.

(e) On May 6, 2024, law enforcement utilizing a confidential informant arranged, via recorded phone calls, the purchase of 22.613 grams of fentanyl from the Defendant in Lexington, Kentucky.

(f) On May 21, 2024, law enforcement utilizing a confidential informant arranged, via recorded phone calls, the purchase of 90.175 grams of fentanyl from the Defendant in Lexington, Kentucky.

(g) On May 21, 2024, a search warrant was executed by Lexington Police at a residence on Bainbridge Dr., Lexington, Kentucky, associated with the Defendant, and recovered 27.895 grams of methamphetamine, and 144 oxycodone pills marked 10/325.

2

(h) The recovered drugs were submitted to the KSP Lab for testing and were determined to contain the controlled substances and amounts identified above in paragraph 3(g).

(i) The Defendant admits that the United States could prove that the substances seized from the Bainbridge residence were stored there for the purposes of distributing to others and that the U.S. currency seized is proceeds or commingled proceeds from drug trafficking.

4. The statutory punishment for Count 1 is not less than 5 years imprisonment, not more than 40 years imprisonment, not more than a $5,000,000 fine, and not less than 4 years of supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the sentencing.

5. The United States and the Defendant agree to the following specific sentence, which binds the Court upon acceptance of this plea agreement.

(a) The Defendant's sentence of imprisonment shall be 84 months.

(b) The Defendant's term of supervised release shall be at least 4 years.

6. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

7. The Defendant also agrees to withdraw his suppression motion and waive the right to seek a reduction in sentence based upon a subsequent amendment to the Sentencing Guidelines.

8. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture

3

allegation of the Indictment the property seized during this investigation or a related investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to

4

implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to

5

notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this

6

case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 1/12/2026          By: **Ronald Walker** Digitally signed by Ronald Walker
Date: 2026.01.12 08:49:35 -05'00'

Ronald L. Walker Jr.
Assistant United States Attorney

7

Date: 1 · 8 · 26

Brian Conner
Defendant

Date: 1/8/26

Jarrod J. Beck
Attorney for Defendant

J.S. District Judge
Gregory F. Van Tatenhove
6-4- 2026

8